UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>NICHOLAS LEROY STRONG,<br><br>     Defendant. | Case No. 1:21-cr-00134-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Nicholas Strong's Motion for Sentence Reduction (Dkt. 73) and Motion to Appoint Counsel (Dkt. 75).

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES both Motions.

## II. BACKGROUND

On May 12, 2021, a federal grand jury indicted Strong on multiple drug-related felonies. Dkt. 16. Strong later pleaded guilty and the Court sentenced him to 120 months of incarceration to be followed by five years of supervised release. Dkts. 56, 58, 60.

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

The parties later agreed to reduce Strong's sentence down to 107 months based upon changes to the sentencing guidelines. Dkt. 68. The Court approved the same. Dkt. 69.

Strong sought an additional reduction (Dkt. 70) which the Court denied (Dkt. 72).

Strong now seeks another reduction based upon his rehabilitative efforts while incarcerated. Dkt. 73.

Separately, the Government filed a notice of substitution. Dkt. 74. Strong expressed confusion about this filing and also asked for counsel. Dkt. 75.

### III. DISCUSSION

### A. Compassionate Release (Dkt. 73)

Strong seeks compassionate release under the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. He claims the Court's prior reduction should be increased based upon his rehabilitative programming efforts while incarcerated.

To grant compassionate release, a district court must first determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it delegated the matter to the Sentencing Commission. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019) (citing 18 U.S.C. § 994(t)) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *Rodriguez*, 424 F. Supp. 3d at 680.

In this case, the Court never reaches the merits of Strong's motion because he has failed to comply with the applicable mandatory exhaustion requirements. The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Exhaustion under § 3582(c) is mandatory. There is no evidence in the record suggesting Strong exhausted his administrative remedies before requesting relief from the Court. As the movant, Strong bears the burden of establishing eligibility for relief, including compliance with the exhaustion prerequisite. *See United States v. Grummer*, 519 F. Supp. 3d 760, 762 (S.D. Cal. 2021). He has not done so.

Even if Strong had exhausted his remedies, the Court would not grant release. Strong has provided various certificates of completion indicating he has been working diligently to better himself while incarcerated. Dkt. 73-2, at 9–15. While commendable, Strong's rehabilitative efforts cannot justify compassionate release. The Sentencing Commission's applicable policy statement clearly outlines that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" to grant early release. U.S.S.G. § 1B1.13(d) (citing 28 U.S.C. § 994(t)).

For these reasons, Strong's Motion for Sentence Reduction is DENIED.

MEMORANDUM DECISION AND ORDER - 3

**B. Motion to Appoint Counsel (Dkt. 75)**

Although Strong expresses confusion regarding the Government's substitution of counsel, Dkt. 75, his concern is misplaced. The notice of substitution merely changed the Government's attorney assigned to this case.[3] Strong does not need to do anything.

Second, Strong vaguely requests legal counsel to "represent me." *Id.* He does not indicate why he needs representation. Regardless, there is no constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). The Court finds no reason to appoint counsel in this case. The Motion is DENIED.

### IV. ORDER

The Court HEREBY ORDERS:

1. Strong's Motion to Reduce Sentence (Dkt. 73) is DENIED.

2. Strong's Motion to Appoint Counsel (Dkt. 75) is DENIED.



DATED: May 14, 2026

David C. Nye
U.S. District Court Judge

---

[3] The Government attorney that initially handled this case has been promoted and is no longer appearing in Court. The Government substituted another attorney into this case for purposes of this motion.

MEMORANDUM DECISION AND ORDER - 4